# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| JOSEPH ANDREW HOBBS, | ) | Case No. 7:19-cv-00033 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| DR. KOSCINSKI, *et al.*, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Joseph Andrew Hobbs, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. The defendants filed two motions for summary judgment on June 25, 2019. The next day, the court mailed a notice advising Hobbs that the court would give him 21 days to submit any further counter-affidavits or other relevant evidence contradicting, explaining, or avoiding the defendants' evidence before ruling on their motions. The notice warned Hobbs:

> If Plaintiff does not respond to Defendant[s'] pleadings, the Court will assume that Plaintiff has lost interest in the case, and/or that Plaintiff agrees with what the Defendant[s] state[ ] in their responsive pleading[s]. If Plaintiff wishes to continue with the case, it is necessary that Plaintiff respond in an appropriate fashion. Plaintiff may wish to respond with counter-affidavits or other additional evidence as outlined above. <u>However, if Plaintiff does not file some response within the twenty-one (21) day period, the Court may dismiss the case for failure to prosecute.</u>

(Notice, Dkt. No. 24 (emphasis in original).) That 21-day period has expired, and Hobbs has not filed any response to either motion for summary judgment, nor has he filed any request for additional time to respond. Accordingly, the court concludes that, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, Hobbs has failed to prosecute this action. *See generally Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

Having duly notified the parties that Hobbs' failure to respond to the defendants' dispositive motions would be interpreted as a failure to prosecute and would be cause for dismissal of the action without prejudice, the court concludes that it is appropriate to dismiss this case without prejudice.

Hobbs is advised that if he intends to proceed with this action, he must petition the court within 30 days of the entry of this order for a reinstatement of this action. Any motion for reinstatement should provide a specific explanation for Hobbs's failure to respond in a timely fashion to the defendants' dispositive motions.

Additionally, in light of the dismissal, defendants' motions for summary judgment (Dkt. Nos. 20, 22) and their pending motion to file untimely waiver of answer (Dkt. No. 18) will be dismissed as moot.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that this civil rights action under 42 U.S.C. § 1983 is DISMISSED WITHOUT PREJUDICE for failure to prosecute, *see* Fed. R. Civ. P. 41(b); all pending motions (Dkt. Nos. 18, 20, 22) are DISMISSED WITHOUT PREJUDICE as moot; and the Clerk will STRIKE the case from the active docket of the court.

The Clerk is directed to send copies of this memorandum opinion and order to Hobbs and to counsel of record for the defendants.

Entered: August 8, 2019.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge